**JOHN L. BURRIS, Esq., SBN 69888**
**ADANTE D. POINTER, Esq., SBN 236229**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200 Facsimile: (510) 839-3882
John.Burris@johnburrislaw.com
Adante.Pointer@johnburrislaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAN LAM, as successor-in-interest to Decedent SONNY LAM ("aka" Son Tung Lam ) and individually,<br><br>               Plaintiffs,<br>     v.<br><br>CITY OF LOS BANOS, a municipal corporation; and DOES 1-50,<br><br>               Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C. Section 1983 and pendent tort claims)<br><br>JURY TRIAL DEMANDED |

1

## INTRODUCTION

1. This civil rights and wrongful death action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the death of Decedent SONNY LAM. Decedent SONNY LAM died as a result of being shot and killed by a City of Los Banos Police Officer; under egregious circumstances, after Plaintiff TAN LAM contacted the police to get medical assistance for his son SONNY LAM.

2. This action seeks to recover damages for the violation of rights personal to Decedent SONNY LAM and the rights of his surviving heir. This action is maintained on behalf of Decedent, by his successor-in-interest, his biological father, TAN LAM. TAN LAM also seek individual damages for the loss of his son and the emotional damages caused by being present when SONNY LAM's was shot and killed.

## JURISDICTION

3. This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Section 1331 and 1343 confers jurisdiction upon this Court.  The unlawful acts and practices alleged herein occurred in the City of Los Banos, Merced County, California, which is within this judicial district.

## PARTIES

4. Decedent, SONNY LAM, ("aka" Son Tung Lam, Hereinafter "SONNY LAM") was an individual residing in the County of Merced, State of California. Decedent was unmarried at the time of his death; did not have any children and died without leaving a will.

5. Plaintiff, TAN LAM, is now and at all times mentioned herein a natural person, United States Citizen and resident of Merced County. Plaintiff is the 82 year-old biological father of Decedent SONNY LAM. He brings this

action on his own behalf and as Successor-in-Interest to Decedent SONNY LAM. Decedent's SONNY LAM's mother, TIENG TROUNG, is deceased.

6. Defendant CITY OF LOS BANOS (Hereinafter "CITY") is, and at all times herein mentioned, a municipal entity duly organized and existing under the laws of the State of California. Under its authority, CITY OF LOS BANOS operates the Los Banos Police Department.

7. Plaintiff is ignorant of the true names and/or capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff's counsel contacted the CITY OF LOS BANOS to request the police reports necessary to identify the responsible officer(s). Plaintiff's requests were denied by the CITY OF LOS BANOS on October 3, 2013 and again on November 20, 2014. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy and unlawful use of force. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend this complaint subject to further discovery.

8. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment.

9. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

10. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

11. For State causes of action related to Federal claims, Plaintiffs are required to comply with an administrative claim requirement under California

3

1 law. Plaintiff filed an administrative claim with the CITY OF LOS BANOS on March 3, 2014. CITY OF LOS BANOS provided notice via email on September 10, 2014, that the Plaintiff's claim was rejected by operation of law.

## **FACTS**

12. On September 2, 2013, at approximately 2:00 p.m. Decedent SONNY LAM and his father TAN LAM were at their home. SONNY LAM suffered from schizophrenia for over 10 years, in addition to high blood pressure and diabetes. SONNY LAM stopped taking all of his medications for several months and was in a visibly fragile physical state. At 5'8½" tall, SONNY LAM only weighed 136 pounds at the time of his death. SONNY LAM's family members were concerned about his declining physical and mental health.

13. On September 2, 2013, SONNY LAM and his father, TAN LAM, began to argue over TAN LAM's car keys. Decedent SONNY LAM began to throw weak slaps aimed at TAN LAM, but given SONNY LAM's weakened physical state, Tan was not injured and did not fear for his safety.

14. TAN LAM was very worried about his son's declining mental and physical health, and walked across to his neighbor's home to call the police, in order to request their assistance in getting SONNY LAM evaluated for his mental health. The neighbor told the yet-to-be-identified CITY OF LOS BANOS Police Department dispatch operator that SONNY LAM was sick and had 'lost his mind.' The CITY OF LOS BANOS Police Department dispatch operator told TAN LAM to return home and wait for the police to arrive.

15. A yet to be identified, CITY OF LOS BANOS Police Department Officer arrived at the house. TAN LAM met the officer outside of his home and informed the officer that his son suffered from mental illness. The officer told TAN LAM that he would only speak to SONNY LAM. The officer

4

went into the bedroom where SONNY LAM was sitting. When the Officer entered the room, SONNY LAM was sitting on the bed, unarmed and wearing only pocket-less jersey shorts. The Officer attempted to force SONNY LAM outside of the room, but he refused.

16. Despite knowing that SONNY LAM was suffering from mental illness and in need of medical attention, the Officer began to provoke SONNY LAM in order justify arresting and/or using force against him. For example, the Officer told SONNY LAM, "You want to hit me, go ahead and hit me." SONNY LAM; in his weak and confused mental state, hit the Officer in the stomach.

17. Next, SONNY LAM and the Officer were in the hallway when the Officer pulled out his gun and told TAN LAM to leave. TAN LAM moved a few feet away and stood behind a hallway. Seconds later, TAN LAM heard a gunshot and ran back into the hallway.

18. TAN LAM saw that the Officer had shot SONNY LAM in the leg. The Officer again ordered TAN LAM to leave. As TAN LAM hesitantly walked back down the hallway he heard another gunshot. The Officer had gone back and shot SONNY LAM in the chest, despite SONNY LAM already being wounded from the gunshot to the leg. TAN LAM ran back into the hallway and saw SONNY LAM laying face down on the floor. TAN LAM saw the Officer on top of SONNY LAM with his foot on SONNY LAM's back. The Officer handcuffed SONNY LAM and continued to point his gun at SONNY LAM. TAN LAM asked the Officer why he shot his son. The Officer told TAN LAM that SONNY LAM had a knife; despite TAN LAM having just seen SONNY LAM standing empty-handed and unarmed in the hallway. SONNY LAM died as a result of his gunshot wounds.

19. CITY OF LOS BANOS Police Department reported that SONNY LAM was wielding scissors during the incident, which is blatantly

5

untrue and contradicts what the Officer told TAN LAM immediately after the shooting. TAN LAM was present during the incident and saw that his son was unarmed. SONNY LAM never had scissors or any object in his hand or on his person.

20. After the shooting, neighbors witnessed the Officer laughing and rejoicing with other Officers outside.

### DAMAGES

21. As a consequence of Defendants' violation of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments, Plaintiff TAN LAM was mentally, and emotionally injured and damaged as a proximate result of Decedent's wrongful death, including but not limited to: Plaintiff's loss of familial relations, decedent's society, comfort, protection, companionship, love, affection, solace, and moral support and financial support.

22. Plaintiff TAN LAM brings this claim as successor-in-interest to Decedent and seeks both survival and wrongful death damages, pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b), for the violation of both Decedent's and his rights. Additionally, Plaintiffs are entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. §§ 377.60 and 377.61.

23. Plaintiff TAN LAM is further entitled to recover damages incurred by Decedent before he died, as a result of his civil rights being violated and to any penalties or punitive damages to which Decedent would have been entitled to recover had he lived, including damages incurred by Decedent consisting of pain and suffering he endured as a result of the violation of his civil rights.

24. Plaintiff was further injured as a result of the Defendant Officer's negligence, as a result of being subjected to hearing his son being shot in the next room, as

well as witnessing his son dying in front of him.

25. Plaintiff found it necessary to engage the services of private counsel to vindicate the rights of Decedent and Plaintiff's rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

**FIRST CAUSE OF ACTION**
**(Wrongful Death - 42 U.S.C. §1983)**
(Plaintiff TAN LAM, as successor-in-interest to Decedent SONNY LAM Against Defendant DOES 1-25)

26. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 25 of this Complaint.

27. As set forth above, Decedent SONNY LAM was subjected to deprivation of his rights by Defendants DOES 1-25, inclusive, acting under color of law of the United States and State of California and of the County of Merced, which rights include, but are not limited to, privileges and immunities secured to Plaintiffs by the Constitution and laws of the United States. By reason of the aforementioned acts, these Defendants, have violated the constitutional rights and liberty interests of Decedent SONNY LAM, including those provided in the Fourth Amendment to the U.S. Constitution and of Plaintiff TAN LAM as well as those which are protected under the Fourth and Fourteenth Amendment's prohibition against depriving a person of a right to familial relationships without due process of law.

28. Defendants DOES 1 - 25 knew that Decedent SONNY LAM had a serious mental health condition and was in a confused mental state, having been notified by Decedent's father TAN LAM prior to making contact with the Decedent.

29. Despite knowing that the Decedent was mentally ill, the Officer proceeded to provoke him into a physical altercation. After unnecessarily provoking the Decedent, the Officer unlawfully used deadly force, not once, but two times.

30. Defendants knew that SONNY LAM was in need of medical attention and

had not committed any crime. Despite this knowledge the Officer provoked him in order to justify using force and/or arresting Decedent SONNY LAM, in violation of his constitutional rights.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (Violation of Plaintiffs' 14th Amendment Rights/Right to Familial Relationship-42 U.S.C. § 1983)
(Plaintiff TAN LAM, individually Against Defendant DOES 1-25)

31. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 30 of this Complaint as though fully set forth.

32. As a legal cause of Defendants, acting under color of law, acts and/or inactions, Plaintiff was deprived of their constitutional rights to a familial relationship, and whose deliberate indifference caused injuries, which resulted in Decedent's death, all in violation of rights, privileges, and immunities secured by the Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
### (Survival action: Violation of decedent's 4th Amendment Rights)
### (42 U.S.C. §1983)
(Plaintiff TAN LAM, as successor-in-interest to Decedent SONNY LAM Against Defendant DOES 1-25)

33. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 32 of this Complaint.

34. SONNY LAM was forced to endure great conscious pain and suffering after being shot twice, because of the Defendant's unwarranted use of force.

35. SONNY LAM did not file a legal action before his death.

36. TAN LAM, as successor-in-interest for Decedent SONNY LAM claim damages for the conscious pain and suffering incurred by SONNY LAM, as provided by the Fourth Amendment under 42 U.S.C. §1983.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
**(Municipal Liability for Unconstitutional Custom or Policy (*Monell*) – 42 U.S.C. section 1983)**
(Plaintiffs TAM LAM, as successor-in-interest for Decedent SONNY LAM Against Defendant CITY and DOES 26-50)

37. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 36 of this Complaint.

38. The aforementioned acts and/or omissions of the Defendants and DOES 1-25 demonstrate deliberate indifference to Decedent SONNY LAM's serious medical needs and violated his civil rights. The violation of SONNY LAM's civil rights were the direct and proximate result of customs, practices and policies of Defendant CITY and DOES 26 through 50, as alleged herein.

39. At all times herein mentioned, Defendants CITY and DOES 26 through 50 maintained a policy or de facto unconstitutional informal custom or practice of permitting excessive force and/or failure to provide officers with proper procedures for attending to individuals with mental illness, failing to adequately supervise, report, investigate, and/or reprimand Los Banos Police Department personnel for wrongful conduct.

40. Plaintiff allege that Defendant CITY maintained a policy, custom or practice of failing to provide appropriate policies and procedures for addressing individuals with mental illness, which resulted in the Defendant Officer provoking the Decedent into a confrontation to justify an arrest, as opposed to following a procedure to safely transport Decedent for medical care.

41. Each policy, custom, practice or lack thereof posed a substantial risk of serious harm to Decedent SONNY LAM and Defendant CITY knew, or should have known, its policy or lack thereof posed this risk.

42. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct and lack of training by Defendant DOES 1-25, and/or each of them, Defendant CITY, DOES 26-50, and/or each of them, encouraged officers to continue their course of misconduct caused by a lack of training on handling mentally ill individuals, resulting in the violation of the Decedent's rights as alleged herein.

43. The aforementioned acts and/or omissions and/or deliberate indifference by high-ranking CITY OF LOS BANOS officials, including high-ranking CITY OF LOS BANOS Police Department Supervisors, DOES 26-50, and each of them resulted in the deprivation of Plaintiff's constitutional rights.  These customs, practices or policies were the legal cause of Plaintiff's injuries, and each individual Defendant acting in accord with this custom, policy or practice acted with deliberate indifference to the needs of persons such as Decedent SONNY LAM, whose family sought out the police for medical assistance.

44. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(Wrongful Death - Negligence)**
**(C.C.P. §377.60 and 377.61)**
(Plaintiff TAM LAM, as successor-in-interest for Decedent SONNY LAM Against Defendant DOES 1-25)

45. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 44 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations

10

requesting punitive damages.

46. Defendant DOES 1 – 25, inclusive, proximately caused the death of Decedent SONNY LAM as a result of their negligent conduct and/or negligent failure to act as set-forth herein.

47. As an actual and proximate result of said defendants' negligence, and the death of Decedent, Plaintiff has sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of their son, Decedent, in an amount according to proof at trial.

48. As a further actual and proximate result of said defendants' negligence, Plaintiff incurred funeral and burial expenses, in an amount according to proof at trial.

49. Pursuant to California C.C.P. Sections 377.60 and 377.61, plaintiff has brought this action, and claim damages from said defendants for the wrongful death of Decedent, and the resulting injuries.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
**(Violation of Right To Enjoy Civil Rights)**
**(Violation of CALIFORNIA CIVIL CODE §52.1)**
(Plaintiff TAM LAM, as successor-in-interest for Decedent SONNY LAM against Defendant DOES 1 – 25)

50. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 49 of this complaint.

51. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the Decedent's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

(Plaintiff TAM LAM, as successor-in-interest for Decedent SONNY LAM Against Defendant DOES 1-25)

52. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 51 of this complaint.

53. Defendants' above-described conduct was extreme, unreasonable and outrageous.

54. In engaging in the above-described conduct, defendants intentionally ignored or recklessly disregarded the foreseeable risk that Decedent would suffer extreme emotional distress as a result of being provoked into a confrontation and shot multiple times, while in a fragile mental state and in need of medical attention.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION

### (Battery)

(Plaintiff TAM LAM, as successor-in-interest for Decedent SONNY LAM Against Defendant DOES 1-25)

55. Plaintiffs re-alleges and incorporates by reference paragraphs 1 through 54 of this complaint.

56. Defendants' above-described conduct constituted battery.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth

## NINTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

(TAM LAM, individually Against Defendant DOES 1-25)

12

57. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 56 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

58. The wrongful conduct of Defendant DOES 1-25 inclusive, as set forth herein, constitutes negligent conduct done with conscious disregard for the rights of TAN LAM.

59. As a proximate result of Defendant DOES 1-25 inclusive, negligent conduct, TAN LAM has suffered severe emotional and mental distress from being present and hearing his son being gunned down by Defendant DOES 1-25, prior to seeing the lifeless body of his only child.

60. TAN LAM further suffers endless emotional distress because he is the person who sought medical assistance from the Los Gatos Police Department, under the belief that the police would assist them. The Defendant officer spoke to TAN LAM and knew Mr. LAM summoned the police department in order to to facilitate Decedent SONNY LAM being taken to receive medical care, given his deteriorating mental and physical condition. This event resulted in a devastating traumatic effect on TAN LAM's emotional tranquility.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

61. Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum to be determined according to proof;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be

13

determined according to proof;

3. For funeral and burial expenses according to proof;

4. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendant DOES 1 through 50 and/or each of them;

5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6. For reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

7. For statutory penalties in amount of $25,000.00 per violation pursuant to Civil Code Section 52.1.

8. For cost of suit herein incurred;

Dated: March 9, 2015                **LAW OFFICES OF JOHN BURRIS**

                                    */s/ Adantė D. Pointer*
                                    Adante D. Pointer, Esq.