UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAN LAM, et al., | No. 2:15-cv-531-MCE-KJN |
| Plaintiffs, | |
| v. | ORDER |
| CITY OF LOS BANOS, et al., | |
| Defendants. | |

On May 10, 2016, the court conducted an informal telephonic discovery conference in this matter. Attorney Melissa Nold appeared on behalf of plaintiffs, attorney Philip Downs appeared on behalf of defendants, and attorney Alyson Berg appeared on behalf of non-party Veterans Administration ("VA").

The conference primarily concerned plaintiffs' ability to depose several VA medical providers pursuant to federal subpoenas issued in accordance with the court's April 26, 2016 order. The VA objected to those depositions based on plaintiffs' failure to comply with the VA's *Touhy* regulations. See 38 C.F.R. §§ 14.800-14.810. Those regulations require, *inter alia*, that a "request or demand for testimony or production of documents shall set forth in, or be accompanied by, an affidavit, or if that is not feasible, in, or accompanied by, a written statement by the party seeking the testimony or records or by the party's attorney, a summary of the nature

and relevance of the testimony or records sought in the legal proceedings containing sufficient information for the responsible VA official to determine whether VA personnel should be allowed to testify or records should be produced." 38 C.F.R. § 14.805.  Plaintiffs counter that the court has already authorized the depositions by court order and that plaintiffs are therefore not required to comply with the *Touhy* regulations, citing Exxon Shipping Co. v. United States Dep't of Interior, 34 F.3d 774 (9th Cir. 1994).

In Exxon Shipping, the Ninth Circuit held that the *Touhy* regulations, promulgated under 5 U.S.C. § 301, do not authorize federal agencies to refuse to comply with proper discovery requests, including federal subpoenas to testify and/or produce records, reasoning that:

> Section 301 does not create an independent privilege to withhold government information or shield federal employees from valid subpoenas.  Rather, district courts should apply the federal rules of discovery when deciding on discovery requests made against government agencies, whether or not the United States is a party to the underlying action.  Under the balancing test authorized by the rules, courts can ensure that the unique interests of the government are adequately considered.

Exxon Shipping, 34 F.3d at 780.  Thus, plaintiffs are correct insofar as they contend that the VA does not have absolute discretion to prevent VA employees from testifying pursuant to the *Touhy* regulations, and the propriety of taking the depositions is ultimately an issue for the court to decide, if the parties are unable to reach an agreement.  Nevertheless, the court does not read Exxon Shipping to suggest that plaintiffs are entirely excused from following the procedural rules outlined in the VA's *Touhy* regulations to request the depositions of VA employees.  Moreover, although the court had previously authorized the issuance of subpoenas for depositions of the VA medical providers at issue here, the VA was not represented at those court proceedings, and the court has not yet considered the unique interests of the VA with respect to the requested depositions.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' request to compel the VA to produce the current and/or former VA medical providers for deposition pursuant to the subpoenas is DENIED WITHOUT PREJUDICE.

2. Plaintiffs shall promptly comply with their obligations under the *Touhy* regulations and further meet and confer with counsel for the VA in an attempt to reach agreement regarding the number of medical providers to be deposed and the scope of such depositions.

3. If the parties and the VA are unable to informally resolve their dispute, they may request another discovery conference with the court. At any such conference, the court will want to review the information plaintiffs submitted to the VA to support their request for the depositions, as well as the VA's reasons for not permitting the requested discovery.

4. The Clerk of Court shall serve a copy of this order on attorney for non-party VA, Alyson Berg, via e-mail at: alyson.berg@usdoj.gov.

IT IS SO ORDERED.

Dated: May 11, 2016

*[signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE