UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TAN LAM,

    Plaintiff,

    v.

CITY OF LOS BANOS, et al.,

    Defendants.

No. 2:15-cv-00531-MCE-KJN

**MEMORANDUM AND ORDER**

Through this action Plaintiff Tan Lam ("Plaintiff"), as a successor-in-interest, sought redress from the City of Los Banos and Officer Jairo Acosta (hereafter "Officer Acosta" or "Defendant") for the shooting death of his son, Sonny Lam ("Decedent"). This Court granted in part and denied in part Defendants' Motion for Summary Judgment and the case proceeded to trial on Plaintiff's remaining claims against Defendant. At the close of evidence, Defendant moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a), which Motion the Court denied. The jury thereafter returned a verdict in Plaintiff's favor and awarded him $2.75 million. Presently before the Court is Defendant's Renewed Motion for Judgment as a Matter of Law ("JMOL") Pursuant to Rule 50(b) or, Alternatively, Motion for a New Trial. ECF No. 185. For the reasons set forth below, Defendant's Motion is DENIED.

**ANALYSIS**

A JMOL is proper when "the evidence permits only one reasonable conclusion and the conclusion is contrary to that reached by the jury." Lakeside-Scott v. Multnomah County, 556 F.3d 797, 802 (9th Cir. 2009) (internal quotation marks and citation omitted); White v. Ford Motor Co., 312 F.3d 998, 1010 (9th Cir. 2002). To justify relief through a JMOL, there must be a "complete absence of probative facts to support the conclusion reached so that no reasonable juror could have found for the nonmoving party." Eich v. Board of Regents for Central Missouri State Univ., 350 F.3d 752, 761 (8th Cir. 2003) (quotation marks and citations omitted). While the Court should review the evidence comprising the record, it should "not make credibility determinations or weigh the evidence" and further should construe all evidence in the light most favoring the nonmoving party. Reeves v. Sanderson Plumbing Co., 530 U.S. 133, 150-51 (2000); see also E.E.O.C. v. Go Daddy Software, 581 F.3d 951, 961 (9th Cir. 2009). In assessing a motion for JMOL, then, the jury's verdict is entitled to substantial deference. A.D. v. Calif. Highway Patrol, 712 F.3d 446, 453 (9th Cir. 2013). The jury's verdict must be upheld if there is sufficient evidence to support its findings, even where contrary findings are possible. Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1242 (9th Cir. 2014). Because it is a renewal of a pre-verdict Rule 50(a) motion, a post-verdict Rule 50(b) motion is limited to the grounds asserted in the Rule 50(a) motion. E.E.O.C., 581 F.3d at 961. A party cannot properly raise arguments in its renewed motion for JMOL that it did not raise in its Rule 50(a) motion. Id.

As an alternative to his request for JMOL, Defendant advocates for a new trial on grounds that the verdict ultimately reached by the jury was against the weight of the evidence. That request is consistent with the language of Rule 50(b), which specifically states that a Rule 50(b) motion may include "an alternative or joint request for a new trial under Rule 59."

///

1    A district court has discretion to grant a new trial when the jury's verdict is
2    contrary to the "clear weight of the evidence," is based on false evidence, or would result
3    in a miscarriage of justice. Silver Sage Partners, Ltd. v. City of Desert Hot Springs,
4    251 F.3d 814, 819 (9th Cir. 2001); Rattray v. City of Nat'l City, 51 F.3d 793, 800 (9th Cir.
5    1994). The standard for assessing a motion for new trial differs from that applicable to a
6    motion for JMOL under Rule 50(b) inasmuch as even if the verdict is supported by
7    enough evidence to survive a 50(b) challenge, the Court in ruling on a new trial request
8    has the obligation to set aside the verdict under Rule 59(a) if the verdict runs afoul of the
9    "clear weight" of the evidence that has been presented. See Molski v. M.J. Cable, Inc.,
10   481 F.3d 724, 729 (9th Cir. 2007).

11       A verdict is against the clear weight of the evidence when, after giving full respect
12   to the jury's findings, the judge "is left with the definite and firm conviction that a mistake
13   has been committed" by the jury. Landes Const. Co., Inc. v. Royal Bank of Canada,
14   833 F.2d 1365, 1371-72 (9th Cir. 1987) (citations omitted). In ruling on a motion for new
15   trial, "the judge can weigh the evidence and assess the credibility of witnesses, and
16   need not view the evidence from the perspective most favorable to the prevailing party."
17   Air-Sea Forwarders, Inc. v. Air Asia Co., Ltd., 880 F.2d 176, 190 (9th Cir. 1989); see also
18   United States v. Kellington, 217 F.3d 1084, 1095 (9th Cir. 2000). Defendant can move
19   for a partial new trial as long as the issues on which a new trial is sought are distinct
20   enough that retrial as to those issues is not unjust to the non-moving party, here Plaintiff.
21   Pumphrey v. K.W. Thompson Tool Co., 62 F.3d 1128, 1133-34 (9th Cir. 1995).

22       Defendant's Motion for JMOL fails because there was sufficient evidence from
23   which the jury could find in Plaintiff's favor. Given the fact that resolution of this case
24   largely hinged on credibility determinations that the jury resolved against Defendant and
25   inferences the jury was required to make from the evidence, and because this Court
26   cannot discount those determinations, it cannot conclude that the evidence permits only
27   a conclusion contrary. This case is not appropriate for JMOL, and Defendant's request
28   to that effect is DENIED.

Nor can this Court, having considered the record in its entirety, find that the jury's verdict herein was contrary to the clear weight of the evidence. As stated above, the import of the evidence largely hinged on the respective believability of the parties, and it was up to the jury to find the relevant facts. This Court has not been left with a "firm and definite conviction" that the jury got it wrong, and Defendant's request for a new trial is also DENIED.

Finally, Defendant's request that the Court find that he is entitled to qualified immunity also cannot carry the day.[1] The jury found the following facts: (1) Sonny Lam stabbed Officer Acosta with a pair of scissors; (2) Sonny Lam did not grab Officer Acosta's firearm prior to Officer Acosta firing the first gunshot; (3) Officer Acosta retreated from Sonny Lam after firing the first gunshot; and (4) Sonny Lam did not approach Officer Acosta with scissors before Officer Acosta fired his gun the second time. Given those findings, even if the Court could determine that Officer Acosta was entitled to qualified immunity regarding the first gunshot, the jury found with respect to the second shot that Officer Acosta was retreating and was no longer being approached with scissors. There is simply no way given the factual determinations reached by the jury that the Court can determine Officer Acosta is entitled to immunity with regard to the second gunshot. Accordingly, the jury's verdict will stand.

///
///
///
///
///
///
///
///

---

[1] The Court agrees with Plaintiff that Defendant effectively failed to raise this issue in his pre-verdict motion, but it is not convinced that failure results in a waiver. If anything, Defendant waived the issue by, as explained below, failing to submit adequate factual questions to the jury for resolution.

4

**CONCLUSION**

For the foregoing reasons, Defendant's Renewed Motion for Judgment as a Matter of Law Pursuant to Rule 50(b) or, Alternatively, Motion for a New Trial (ECF No. 185) is DENIED.

IT IS SO ORDERED.

Dated: November 19, 2018

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE