1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11     TAN LAM,                                   No. 2:15-cv-00531-MCE-KJN

12                    Plaintiff,

13            v.                                   **MEMORANDUM AND ORDER**

14     CITY OF LOS BANOS, et al.,

15                    Defendants.

16     _____

17            Through this action Plaintiff Tan Lam ("Plaintiff"), as a successor-in-interest,

18     sought redress from the City of Los Banos and Officer Jairo Acosta (hereafter "Officer

19     Acosta" or "Defendant") for the shooting death of his son, Sonny Lam ("Decedent").  This

20     Court granted in part and denied in part Defendants' Motion for Summary Judgment and

21     the case proceeded to trial on Plaintiff's remaining claims against Defendant.  At the

22     close of evidence, Defendant moved for judgment as a matter of law pursuant to Federal

23     Rule of Civil Procedure 50(a), which Motion the Court denied.  The jury thereafter

24     returned a verdict in Plaintiff's favor and awarded him $2.75 million.  Defendant then

25     renewed his Motion for Judgment as a Matter of Law ("JMOL") Pursuant to Rule 50(b)

26     or, Alternatively, Motion for a New Trial, which was also denied.  ECF Nos. 185, 197.

27     Presently before the Court are Plaintiff's Motion for Attorney Fees (ECF No. 204) and

28

Defendant's Motion to Correct Record on Appeal (ECF No. 213).[1]  For the reasons set

forth below, Plaintiff's Motion is GRANTED in part, and Defendant's Motion is

GRANTED.[2]

**ANALYSIS**[3]

### A.    Plaintiff's Motion for Fees and Costs

By way of Plaintiff's instant Motion, he seeks to recover pursuant to 42 U.S.C.

§ 1988 $667,799 in fees, subject to a multiplier of 1.3.  As the prevailing party, Plaintiff is

entitled to recover his reasonable fees.  See 42 U.S.C. § 1988(b).

"A reasonable fee is that which is 'sufficient to induce a capable attorney to

undertake the representation of a meritorious civil rights case.'"  K.M. ex rel. Bright v.

Tustin Unified Sch. Dist., 78 F. Supp. 3d 1289, 1297 (C.D. Cal. 2015) (quoting Perdue v.

Kenny A. ex rel. Winn, 559 U.S. 542, 552 (2010)).  The court calculates the amount of

attorney's fees by calculating a "lodestar" and "multiplying the number of hours

reasonably spent on the litigation by a reasonable hourly rate."  McCown v. City of

Fontana Fire Dep't, 565 F.3d 1097, 1102 (9th Cir. 2009).  The appropriate number of

hours includes all time "reasonably expended in pursuit of the ultimate result achieved in

the same manner that an attorney traditionally is compensated by a fee-paying client for

all time reasonably expended on a matter."  Hensley v. Eckerhart, 461 U.S. 424, 461

(1983).  However, in calculating the lodestar, "the district court should exclude hours

'that are excessive, redundant, or otherwise unnecessary.'"  McCown, 565 F.3d at 1102

---

[1] Also pending before the Court is Plaintiff's Bill of Costs by which Plaintiff seeks to recover $29,836 in expenditure.  Defendant has not filed an opposition to that Bill, and the Clerk of the Court will be directed to tax the costs in full.

[2] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

[3] Given this Court's disproportionately high case load, and in the interest of conserving judicial resources and expediting a decision in this case, the Court will not recount details with which the parties are intimately familiar.  To be clear, the Court has considered all evidence and arguments in the record, but it limits its written decision to only that which is necessary to resolve the parties' instant arguments.

(quoting Hensley, 461 U.S. at 434).  Although district judges "need not, and indeed should not, become green-eyeshade accountants," Fox v. Vice, 563 U.S. 826, 838 (2011), the court should provide some indication of how it arrived at its conclusions, see Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008) ("When the district court makes its award, it must explain how it came up with the amount.").

As a general rule, in determining the lodestar figure, "the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." Moreno, 534 F.3d at 1112.  However, the party seeking an award of attorney's fees bears the burden of producing documentary evidence demonstrating "the number of hours spent, and how it determined the hourly rate(s) requested." McCown, 565 F.3d at 1102.  Then the burden shifts to the opposing party to submit evidence "challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." Ruff v. County of Kings, 700 F. Supp. 2d 1225, 1228 (E.D. Cal. 2010).

Because the lodestar figure is presumptively reasonable, "a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts that the lodestar amount is unreasonably low or unreasonably high." Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000) (citations omitted).

Defendant opposes Plaintiff's Motion on grounds that:

> (1) the fee applicants did not meet their burden of producing evidence that their requested fees as-calculated are in line with the market rate for similar services by lawyers of comparable skill; (2) the applicants improperly use out-of-forum rates; (3) applicants' alternatively ask for forum rates unsupported by any evidence; (4) the lodestar is based on excessive, duplicative, unrelated, and administrative tasks.

Def.'s Opp., ECF No. 208, at 1.[4]  The Court agrees that utilizing forum rates is

---

[4] To the extent Defendant challenges Plaintiff's Motion for seeking an unsupported $1.7 million in fees, that argument is satisfactorily addressed by Plaintiff having filed a corrected motion indicating the total fees sought pre-multiplier is $667,799.

1  appropriate, but it declines to reduce the billable hours claimed because Plaintiff has

2  adequately explained the reasonableness of the time expended.  Finally, the Court

3  concludes that a 1.3 multiplier is appropriate.

4       "Generally, when determining a reasonable hourly rate, the relevant community is

5  the forum in which the district court sits."  Prison Legal News v. Schwarzenegger,

6  608 F.3d 446, 454 (9th Cir. 2010) (internal quotation marks omitted).  The Court relies on

7  rates from outside the local forum only if "local counsel was unavailable, either because

8  they are unwilling or unable to perform because they lack the degree of experience,

9  expertise, or specialization required to handle properly the case."  Barjon v. Dalton,

10  132 F.3d 496, 500 (9th Cir.1997) (quoting Gates v. Deukmejian, 987 F.2d 1392, 1405

11  (9th Cir.1992) (internal quotation marks omitted)).  While Plaintiff provides evidence that

12  he was unable to find counsel willing to take this case in Los Banos or the surrounding

13  area, it does not appear from the record that he attempted to secure representation in

14  Sacramento, where there are a number of counsel equipped to handle a case of this

15  nature.  Accordingly, the Court finds the application of Sacramento rates is appropriate.

16  See Deocampo v. Potts, No. 2:06-cv-01283-WBS-CMK, 2014 WL 788429, *8 (E.D. Cal.

17  Feb. 25, 2014).

18       The parties of course next dispute what rates are reasonable in this district given

19  Plaintiff's counsels' respective experience.  Defendant asks the Court to follow

20  Deocampo and award fees at a rate of $400 per hour for John L. Burris, a sole proprietor

21  employing the rest of Plaintiff's attorneys, $280 per hour for an attorney with more than

22  ten years of experience,[5] and $175 per hour for attorneys with 3-7 years of experience.

23  Id. at *10.

24       Plaintiff objects given that Deocampo is now five years old and market rates have

25  presumably risen since it was issued.  The Deocampo court revisited the issue in 2017,

26  addressing a subsequent fee request and affirmed the appropriateness of a $400 per

27
28
    [5] The Court's reading of Deocampo is that an attorney with approximately three decades of experience was awarded $280 per hour, while attorneys with closer to ten years of experience were permitted to recover at a rate of $250 per hour.  Id.

4

hour rate for Mr. Burris, and a $175 per hour rate for more junior attorneys, but increased the rate for attorneys with more than ten years of experience, given that it was the same attorneys who had previously appeared before it and they had several more years of experience, to $275 per hour.  Deocampo v. Potts, 2017 WL 363142, *4-5 (E.D. Cal.).  Although, as Plaintiff points out, attorneys have been awarded higher fees in some other cases, the Court concludes that the foregoing rates, which were awarded to the same firm that litigated this case, fall within the ranges described in those cases and remain reasonable.  See Z.F. by and through M.A.F. J.F. v. Ripon School District, No. 2:10-cv-00523-TLN-CKD, 2017 WL 1064679 *3 (E.D. Cal. Mar. 21, 2017) (collecting cases).  That said, because Defendant concedes $280 per hour is appropriate for Adante Pointer and Ayana Curry, the Court will utilize that rate for their work.

As for the reasonable hours expended, the Court finds all of Plaintiff's counsels' work to be reasonable.  Although this case presents as a straight-forward excessive force action, the parties were required to litigate unique and novel issues with regard to Defendant's fitness for duty, and Plaintiff's counsel faced an uphill battle given the evidence that the Decedent had stabbed Defendant during the incident leading to his death.  The Court finds nothing unusual with regard to the billing entries or the use of multiple attorneys to, for example, prepare for and take depositions.  Accordingly, the Court will calculate the lodestar as follows:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| John L. Burris | 0 | $400 | 0 |
| Adante D. Pointer | 526.4 | $280 | $147,392.00 |
| Ayana Curry | 105.5 | $280 | $29,540.00 |
| Melissa Nold | 639.66[6] | $175 | $111,940.50 |
| | 1271.56 | | **$288,872.50** |

---

[6] This reflects a three-hour reduction for hours Plaintiff concedes on Reply were inadvertently included due to a typo.

The Court also concludes, however, this this case presents a rare instance where a multiplier is appropriate. In making this finding, the Court has considered the following factors to the extent they were not included in the above lodestar calculation:

> the novelty and difficulty of the issues involved in a case, the skill required to litigate those issues, the preclusion of other employment, the customary fee, relevant time constraints, the amount at stake and the results obtained, the experience, reputation, and ability of the attorneys, the nature and length of their professional relationship with the client, the "undesirability" of a case, and awards in similar suits

Davis v. City and County of San Francisco, 976 F.2d 1536, 1546 (9th Cir. 1992). Not only did Plaintiff have to litigate the novel issues discussed above with regard to Defendant's mental health, but counsel demonstrated remarkable skill in obtaining the excellent results they did for their client. As Plaintiff points out, it appeared to the Court that defense counsel was confident a victory was inevitable for his client. Indeed, the Court too was skeptical that Plaintiff could overcome the evidence that Decedent had aggressively stabbed and continued to pursue Defendant prior to his death. These facts, along with the fact that Defendant was the only percipient witness to Decedent's shooting, made taking this case incredibly "undesirable." Against those odds, however, Plaintiff's counsel succeeded in convincing a unanimous jury that in causing Decedent's death Defendant used excessive force via conduct that was malicious, oppressive, or in reckless disregard of Decedent's rights. Given these extraordinary results, the Court will apply a 1.3 multiplier. As such, Plaintiff's counsel is hereby awarded $375,534.30 in attorneys' fees.

### B. Defendant's Motion to Correct the Record on Appeal

Defendant seeks to supplement the record on appeal by adding several transcripts containing testimony that were read to the jury in lieu of live testimony. The excerpts read in to the record of the deposition testimony of Mary Jimenez, Joseph Shuman, PhD, and Christopher Borchardt were not transcribed by the court reporter, filed with the Court, or provided to the jurors during deliberations. Given that the excerpts were before the jury for consideration, however, Plaintiff's only opposition is

that the transcript provided for the Borchardt testimony is inaccurate.  Given Plaintiff's position, he supplied his own version of the Borchardt transcript that Defendant concedes on reply is accurate.  Accordingly, since it is undisputed that the forgoing transcripts read to the jury should be included for appellate consideration, Defendant's Motion is GRANTED, and the transcripts at ECF No. 213-1, Ex. A-B, p. 1-78, and ECF No. 213-2, shall be made part of the record on appeal.

## CONCLUSION

Plaintiff's Motion for Attorney's Fees (ECF No. 204) is GRANTED in part, with the Court finding that Plaintiff is entitled to $375,534.30 in attorneys' fees as set forth above. Defendant's Motion to Correct Record on Appeal (ECF No. 213) is also GRANTED. In addition, the Clerk of the Court is directed to tax costs in the amount of $29,836.00 as set forth in Plaintiff's Bill of Costs (ECF No. 177).

IT IS SO ORDERED.

Dated:  May 13, 2019

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE